COMMONWEALTH *vs.* LYDIA A. COLLINS.

Exceptions cannot be sustained to the admission in evidence of the declarations of a defendant charged with unlawfully selling intoxicating liquors, that he owned the land, leased the building, and kept the establishment in which it is contended that he committed the offence, if the bill of exceptions does not show whether there was or was not other testimony tending to connect him with the acts charged.

INDICTMENT on *St.* 1855, *c.* 215, for being a common seller and for unlawful single sales of intoxicating liquors. Trial and conviction in the superior court, before *Vose,* J., who signed this bill of exceptions:

" The district attorney called Otis Childs as a witness, and asked him if he ever had any conversation with the defendant relative to her keeping a building on Railroad Street, in Springfield, being the place where the government contended that she had committed the offence charged in the indictment. The defendant objected to the question; but the court allowed it to be put; and the witness testified that he did have such a conversation, and that the defendant stated that she owned the building and leased the land on which it stood, and that she kept the establishment. To the foregoing ruling the defendant excepts."

*E. W. Bond,* for the defendant, cited *Commonwealth* v. *Madden,* 1 Gray, 486; *Commonwealth* v. *Putnam,* 4 Gray, 16; *Commonwealth* v. *Page,* 6 Gray, 361; *Commonwealth* v. *Gardner,* 7 Gray, 494.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. These exceptions are so framed that we cannot judge, from them alone, whether the testimony of Childs was rightly or wrongly admitted; and this is a decisive reason for overruling them. We are bound to presume that the state of the other evidence, which is not reported, rendered that testimony admissible. *Parmenter* v. *Coburn,* 6 Gray, 510. *Oliver* v. *Phelps,* 1 Zabr. 612. We must presume that there was evidence, previously or subsequently adduced, tending to connect the defendant, more or less closely, with the acts for which she

was indicted. And if there was evidence that those acts were done in the building which she told Childs that she owned and kept, then his testimony was competent, and therefore admissible, for the purpose of showing that those acts, even though done by the hands of others, were in law her acts, and that she was legally punishable for them. The weight of the testimony was to be judged of by the jury. *Exceptions overruled.*